**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cr-305-33 (EGS) |
| ) | |
| ANNA JAIME, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION**

On June 1, 2016, the Court sentenced Anna Jaime to one year of special probation pursuant to the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607(a). At that time, the Court indicated that in view of the limited caselaw involving FFOA, it would likely issue a written opinion supporting the sentence. Accordingly, this Memorandum Opinion accompanies the Court's June 1, 2016 oral sentence.

I.   **BACKGROUND**

A. **Ms. Jaime's Involvement in the Narcotics and Money Laundering Conspiracy**

On May 29, 2015, Ms. Jaime pled guilty to a One-Count Superseding Information charging her with Conspiracy to Possess Heroin, a misdemeanor offense, in violation of 21 U.S.C. § 844

and 21 U.S.C. § 846.[1] The government's proffer of evidence accompanying the plea agreement states that a bank account belonging to Ms. Jaime was used to launder funds for co-defendants Juan Floyd and Armando Gamez in furtherance of a narcotics and money laundering conspiracy. *See* Proffer of Evidence, ECF No. 714 at 2. Specifically, co-defendant Juan Floyd would deposit illegal narcotics proceeds into Ms. Jaime's account from bank branches in the Washington, D.C. metropolitan area. *Id.* at 3. Ms. Jaime would then withdraw the funds in cash from her local branch in Texas and deliver the cash to an unindicted co-conspirator.[2] *Id.* According to the government, between April and June 2013, Ms. Jaime laundered approximately $44,000.00 of illegal narcotics proceeds through multiple transactions. *Id.* at 2.

### B. Ms. Jaime's Sentencing Hearings

At the initial sentencing hearing on September 15, 2015, counsel for Ms. Jaime orally moved for disposition pursuant to 18 U.S.C. § 3607(a), which provides that under certain circumstances, a defendant may be sentenced to serve a term of probation up to one year without a judgment of conviction being

---

[1] Ms. Jaime pled guilty before Magistrate Judge Alan Kay, and the Court accepted the guilty plea on September 10, 2015. *See* September 10, 2015 Minute Order.
[2] At the June 1, 2016 sentencing hearing, the government stated that the unindicted co-conspirator was Ms. Jaime's husband. Rough Hr'g Tr. ("Hr'g Tr.") 18:17-18., June 1, 2016.

entered. *See* Minute Entry of Sept. 22, 2015. The government opposed the oral motion. Because counsel raised the possibility of disposition pursuant to this provision for the first time at that hearing, the Court directed the parties to brief the issue and continued the sentencing hearing to a later date. *See* Minute Order of Sept. 15, 2015. The Court also invited the Federal Public Defender for the District of Columbia to participate as *amicus curiae*. *See* Minute Order of Sept. 22, 2015. Upon review of the submissions of the parties and *amicus curiae*, and after considering the arguments at the June 1, 2016 hearing, the Court sentenced Ms. Jaime to one year of special probation pursuant to 18 U.S.C. § 3607(a).

## II. ANALYSIS

### A. Statutory Framework

18 U.S.C. § 3553(a) requires sentencing courts to consider numerous factors when sentencing a defendant. Courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as:

> the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed
> educational or vocational training, medical
> care, or other correctional treatment in the
> most effective manner." 18 U.S.C. § 3553(a).

18 U.S.C. § 3553(a)(1)-(2). The statute also requires

consideration of the kinds of sentences available, the

sentencing range, pertinent policy statements issued by the

Sentencing Commission, the need to provide restitution to

victims, as well as the need to avoid discrepancies in sentences

between offenders guilty of similar conduct. 18 U.S.C. §

3553(a)(3-7).

FFOA provides sentencing courts with the discretion to

sentence a defendant to up to one year of "special probation" or

"pre-judgment probation" without entering a judgment of

conviction under certain circumstances:

> If a person found guilty of an offense
> described in section 404 of the Controlled
> Substances Act (21 U.S.C. 844)—
>
> (1) has not, prior to the commission of such an
> offense, been convicted of violating a Federal
> or State law relating to controlled
> substances; and
>
> (2) has not previously been the subject of a
> disposition under this subsection;
>
> the Court may, with the consent of such
> person, place him on probation for a term of
> not more than one year without entering a
> judgment of conviction.

18 U.S.C. § 3607(a). If the defendant complies with the

conditions of probation, the court dismisses the proceedings

4

without entering a judgment of conviction either prior to the expiration of the term of probation or upon the expiration of the term of probation. *Id.*

### B. The Court exercised its discretion and sentenced Ms. Jaime pursuant to 18 U.S.C. § 3607(a)

The government conceded, but only for the purpose of sentencing Ms. Jaime, that if the Court exercised its discretion and sentenced Ms. Jaime pursuant to 18 U.S.C. § 3607(a), the sentence would be lawful and the government would not appeal the sentence. Hr'g Tr. at 4:25-5:9, June 1, 2016. Although it conceded the applicability of 18 U.S.C. § 3607(a) in this case, the government argued that the Court should decline to exercise its discretion to sentence Ms. Jaime pursuant to that provision because Ms. Jaime was willfully blind to the criminal conduct in which she engaged: she did not question her husband about the money he directed her to withdraw from her account even though, according to the government, she believed the money to be the result of illegal activity. *Id.* at 17:3-22. Thus, according to the government, Ms. Jaime's conviction should remain on her record because of her willful blindness to the criminal activity. *Id.* at 22:6-7. The government also argued that Ms. Jaime's conduct does not comport with the spirit of 18 U.S.C. § 3607(a) because that provision was intended to provide a second chance to individuals who were convicted of possessing small

amounts of drugs, whereas Ms. Jaime's conduct was associated with a large amount of drugs. *Id.* at 37:5-21. The government sought a sentence of time served for Ms. Jaime. Gov't Sentencing Mem., ECF No. 820 at 5.

Because the government conceded the applicability of 18 U.S.C. § 3607(a) to the offense to which Ms. Jaime pled guilty, and for the reasons persuasively stated by defense counsel, *see* Def.'s Mem., ECF No. 909 at 3-7, and *amicus curiae, see* Mem. of Amicus Curiae, ECF No. 1000 at 2-5, the Court exercised its discretion and sentenced Ms. Jaime to special probation pursuant to 18 U.S.C. § 3607(a). Consistent with 18 U.S.C. § 3607(a)(1), and based on the record in this case, this is Ms. Jaime's first offense for a violation of federal or state controlled substances laws, and consistent with 18 U.S.C. § 3607(a)(2), Ms. Jaime has never before been subject to a disposition pursuant to 3607(a). The Court was not persuaded by the government's arguments that the Court should decline to exercise its discretion to sentence Ms. Jaime to special probation. Rather, consistent with the factors enumerated in 18 U.S.C. § 3553(a) as well as Ms. Jaime's performance on pre-trial supervision for two and a half years, the Court exercised its discretion and sentenced Ms. Jaime to one year of special probation.

As the Court noted at the final sentencing hearing, Ms. Jaime performed extremely well on pre-trial release. Following

her arrest, Ms. Jaime was released on personal recognizance into the High Intensity Supervision Program ("HISP") on November 26, 2013. She was released from HISP on April 17, 2014. During two-and-a-half years of pre-trial supervision, including a period of home confinement and electronic monitoring, Ms. Jaime was compliant with the conditions of her release, with the exception of one infraction. Ms. Jaime abided by all curfews, reported weekly in person to local pre-trial services, refrained from obtaining any new charges, and maintained stable employment as a home healthcare provider. Ms. Jaime's ability to comply with the conditions of her release is probative of her amenability to a sentence of probation.

Furthermore, this case was Ms. Jaime's first arrest and criminal conviction. As the government readily conceded, Ms. Jaime's participation in the narcotics distribution conspiracy was limited as compared to other co-defendants and her involvement in the case was likely due to pressure from her husband. *See* Gov't Sentencing Mem., ECF No. 820 at 5. The offense at issue was non-violent, and occurred over a limited time period. Finally, based on Ms. Jaime's history and characteristics, it is highly doubtful Ms. Jaime will be the subject of criminal proceedings again.

In exercising its discretion to sentence Ms. Jaime to pre-judgment probation and provide her with the opportunity to have

7

her conviction expunged, the Court is mindful of the potentially devastating collateral consequences of a criminal conviction, including it being an impediment to future employment. This Court has previously discussed the need to develop tools to allow individuals charged with certain non-violent offenses the opportunity to demonstrate their rehabilitation without triggering such consequences. *See United States v. Saena Tech Corp.*, 140 F. Supp. 3d 11, 46 (D.D.C. 2015); see *also United States v. Nesbeth*, No. 15-cr-18, 2016 WL 3022073, at *5 (E.D.N.Y. May 25, 2016)(noting that there are "nearly 50,000 federal and state statutes and regulations that impose penalties, disabilities, or disadvantages on convicted felons"); *Stephenson v. United States*, 139 F. Supp. 3d 566, 568-69 (E.D.N.Y. 2015)(noting the accumulation of "solid evidence establishing that a criminal conviction is often a significant obstacle to employment" and the link between unemployment and recidivism). Although these opinions focused on the collateral consequences of a felony conviction, similar consequences may be triggered by a misdemeanor drug offense conviction.

The Court must fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of sentencing, including just punishment, adequate deterrence, protection of the public, and rehabilitation. 18 U.S.C. §

3553(a). In Ms. Jaime's case, a sentence of special probation sufficiently addresses these concerns.

### III. CONCLUSION

For the reasons stated above, the Court found a disposition pursuant to 18 U.S.C. § 3607(a) to be appropriate in this case.

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**January 30, 2017**